UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLTON XAIVER MATHEWS,

    Plaintiff,

v.                                                  Case No. 3:22cv24816-RV-HTC

W. WALTERS, et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

Plaintiff Carlton Xaiver Mathews, proceeding *pro se*, initiated this action on December 13, 2022, by filing a civil rights complaint under 42 U.S.C. § 1983, ECF Doc. 1, and motion to proceed *in forma pauperis*, ECF Doc. 2. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Santa Rosa Correctional Institution ("SRCI"). His complaint names two employees of SRCI, Sergeant W. Walters and Officer Gunn, as Defendants. ECF Doc. 1 at 1-3. Plaintiff alleges Walters used excessive force against him on July 10, 2022, and Gunn failed to protect him from Walters' use of excessive force. ECF Doc. 1 at 5-9.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is a three-striker, as he has brought at least three federal actions or appeals that were dismissed for failure to state a claim, as malicious or as frivolous. *See Mathews v. City of Wewahitchka*, Case No. 5:22cv85-TKW-MJF, ECF Doc. 24

Case No. 3:22cv24816-RV-HTC

(N.D. Fla. Nov. 10, 2022) (dismissing case as malicious and an abuse of the judicial process); *Mathews v. W. Walters*, Case No. 3:22cv19312-LC-HTC, ECF Doc. 6 (N.D. Fla. Oct. 18, 2022) (dismissing case as malicious); *Mathews v. Jacksonville Fire & Rescue Dep't*, Case No. 3:16cv724-TJC-PDB, ECF Doc. 3 (M.D. Fla. July 11, 2016) (dismissing case for failure to state a claim); *Mathews v. Duval Cnty. Courthouse*, Case No. 3:16cv723-BJD-JK, ECF Doc. 3 (M.D. Fla. June 15, 2016) (dismissing case as frivolous); *Mathews v. State Att'y Off.*, Case No. 3:16cv716-MMH-JBT, ECF Doc. 3 (M.D. Fla. June 21, 2016) (dismissing case for failure to state a claim); *Mathews v. B.G. Johnson*, Case No. 3:16cv77-MMH-JK, ECF Doc. 4 (M.D. Fla. May 16, 2016) (dismissing case for failure to state a claim).

Plaintiff's status as a three-striker has been acknowledged by multiple courts, including this one. *See Mathews v. City of Wewahitchka*, Case No. 5:22cv109-TKW-MJF, ECF Doc. 5 (N.D. Fla. July 5, 2022) (recognizing Plaintiff is a three-striker and dismissing case pursuant to § 1915(g)); *Mathews v. City of Hillsborough Cnty.*, Case No. 3:17cv896-TJC-JK, ECF Doc. 4 (M.D. Fla. Aug. 18, 2017) (same). All the above cases bear Plaintiff's FDOC inmate number (J27519), which confirms he filed them.

As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's complaint does not make that showing.

The factual allegations supporting his Eighth Amendment claims concern a discrete event that occurred over five months ago. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to [§ 1915(g)]".).

Recognizing he is a three-striker, Plaintiff included a separate section at the end of his complaint titled "Imminent Danger." ECF Doc. 1 at 16. In it, Plaintiff alleges once or twice a month Defendant Walters works in the dormitory he resides in. Walters has allegedly: (1) stated if he is required to pay Plaintiff damages for "the lawsuit" he is going "to kill [Plaintiff's] ass;" (2) threatened to plant a knife in Plaintiff's cell; and (3) approximately three weeks ago, threatened to "gas" Plaintiff and place him on property restriction, but then Walters did not return.

None of these allegations make a colorable showing that Plaintiff is in imminent danger of serious physical injury. The first alleged threat is contingent on Plaintiff prevailing in a lawsuit, which shows it is not imminent. The second allegation concerns the planting of contraband and does not suggest Plaintiff is at risk of physical injury. Lastly, Walters did not follow through with his threat to spray Plaintiff with chemical agents and Plaintiff admits Walters rarely works in his dormitory. These allegations do not describe "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Brown*, 387 F.3d at 1350

(citation omitted).  Furthermore, Plaintiff seeks damages in this case, not injunctive relief to prevent any imminent danger.  ECF Doc. 1 at 9.  Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this § 1983 action, this case should be dismissed under § 1915(g).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the clerk close the file.

At Pensacola, Florida, this 16th day of December 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 3:22cv24816-RV-HTC